Indian claims; appeal from Indian Olaims Commission; wnconscionable consideration. — Appellants sought before the Indian Claims Commission additional compensation under Clause 3, Sec. 2 of the Indian Claims Commission Act, 60 Stat. 1049, 1050, for lands which were ceded to the United States by the Treaty of June 16,1820,7 Stat. 206. The lands, described in Article I of the treaty, have been delineated as Area 112 by Charles C. Boyce. Prior to the decision from which the present appeal is taken, the Commission had determined that appellants’ ancestors had held Indian title to Area 112, that the area contained 10,240 acres, and that it should be valued as of March 2, 1821, the effective date of the 1820 treaty. Area 112 was a strip of land 1 mile wide by 16 miles long extending down the St. Mary’s Biver from the falls. Appellants have contended that the ceded area included only 4 miles of frontage on the St. Mary’s Biver but extended further inland to include a total of 16 square miles, and contend here that the Commission erred on value in that it failed to value the entire ceded lands as a one unit townsite area and in failing to find a value between the minimum value of $20.00 per acre established by appellees’ evidence and something greater. In a decision reported at 32 Ind. Cl. Comm. 303 (1973), the Commission concluded that the fair market value of Area 112 on March 2, 1821 was $15,000, that the payment of a nominal consideration by defendant for a tract of land worth $15,000 was unconscionable within the meaning of Clause 3, Sec. 2 of the Indian Claims Commission Act, that defendant had no offsets to assert in this case, and that plaintiffs, for and on behalf of the Sault Ste. Marie Band of Chippewa Indians, are entitled to recover $15,000 in full satisfaction of all claims asserted under Docket 18-B. On January 31, 1975 the court issued the following order:
Before coweN, Chief Judge, skeltoN and beNNett, Judges.
“This case comes before the court on an appeal from a determination made by the Indian Claims Commission as to the compensation due appellants for lands ceded to the United States. Upon consideration of the record before the *851 Indian Claims Commission, tlie briefs, and the oral argument of counsel, the court finds that the findings of fact made by the Indian Claims Commission are supported by substantial evidence and that the Commission’s conclusions of law are valid and are supported by the findings of fact.
“it is therefore ordered that the decision of the Indian Claims Commission in Docket No. 18-R, 32 Ind. Cl. Comm. 303 (1973), be and the same is hereby affirmed."